IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA SMITH                                                                                      PLAINTIFF

vs.                                              Civil No. 2:16-cv-02133

NANCY A. BERRYHILL                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cynthia Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on August 19, 2013 and application for SSI was filed on March 19, 2014. (Tr. 17). Plaintiff alleged she was disabled due to a rod in her back, numbness in legs, carpel tunnel syndrome, migraines, and anxiety. (Tr. 158). Plaintiff alleged an onset date of May 1, 2008. (Tr. 159). These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 17). Thereafter, Plaintiff requested an administrative hearing on her applications. (Tr. 90).

Plaintiff's administrative hearing was held on August 28, 2014. (Tr. 33-68). Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Debra Arlene testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-six (56) years old and had a tenth grade education. (Tr. 40).

On March 13, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 17-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2012. (Tr. 19, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2008, the alleged onset date. (Tr. 19, Finding 2).

The ALJ determined Plaintiff had the severe impairments of minimal bilateral carpal tunnel syndrome, mild bilateral ulnar neuropathy, low back and leg pain, and reading problems. (Tr. 19, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 20-22). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work limited to frequent bilateral handling and fingering, and jobs that do not require complex written communication. (Tr. 20, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a general cashier. *Id.* Based upon this

finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 1, 2008 through the date of the decision. (Tr. 23, Finding 7).

On June 16, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to apply the Grids, (B) in the Step 4 analysis, (C) in failing to properly determine severe impairments, and (D) in the RFC determination. ECF No. 9, Pgs. 5-12. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

### A. Grids

Plaintiff argues the ALJ should have proceeded to Step Five, assessed her under the Medical-Vocational Guidelines (GRIDS), and find her disabled. ECF No. 9, Pg. 6. However, in this matter, the ALJ found Plaintiff not disabled prior to Step Five, therefore, the ALJ terminates the evaluation at that point. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a general cashier. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 1, 2008 through the date of the decision. (Tr. 23, Finding 7).

Because the ALJ found Plaintiff was able to return her PRW at Step Four, the ALJ did not need to proceed to Step Five.

### B. Step 4 Findings

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW as a general cashier. This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

The ALJ found Plaintiff retained the RFC to perform light work limited to frequent bilateral handling and fingering, and jobs that do not require complex written communication. (Tr. 20, Finding 5). The ALJ went on to find Plaintiff's PRW as a general cashier did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 22). As a result, the ALJ determined Plaintiff had not been under a disability from May 1, 2008, through the date of the

decision. (Tr. 23, Finding 7). Plaintiff argues the ALJ erred in his step four determination.

The burden is on the Plaintiff to demonstrate she is unable to return to her past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir 2004). While VE testimony at step four is not necessary to determine if a claimant can perform their past work, the ALJ may consider VE testimony. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007). A VE's response to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform their past work. *Depover v. Barnhart,* 349 F.3d 563, 568 (8th Cir. 2003).

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW. (Tr. 61-66). In response, the VE testified Plaintiff's work as a general cashier was light. *Id.* The ALJ then asked the VE a hypothetical question that reflected Plaintiff's vocational factors and RFC to determine whether Plaintiff could perform her PRW. *Id*. In response to the ALJ's hypothetical question, the VE testified Plaintiff could perform her PRW as a general cashier. *Id.* Such testimony, based on a hypothetical question consistent with the record, constitutes substantial evidence. *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005).

Based on the foregoing, I find the ALJ's determination that Plaintiff is able to perform her past relevant work is supported by substantial evidence**.**

### **C. Severe Impairments**

A claimant suffers from a severe impairment if the impairment is more than slight and if the impairment affects the claimant's ability to do his basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *Bowen v. Yuckert*, 482 U.S. 137, 155, 107 S. Ct.

2287, 96 L. Ed. 2d 119 (1987) (O'Connor, S., Concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

The ALJ determined Plaintiff had the severe impairments of minimal bilateral carpal tunnel syndrome, mild bilateral ulnar neuropathy, low back and leg pain, and reading problems. (Tr. 19, Finding 3). Plaintiff argues the ALJ erred by not finding additional severe impairments as it relates to her mental health. ECF No. 9, Pg. 7.

To begin with, in her Disability Report, the only impairment remotely involving mental health was her claim of anxiety. (Tr. 158). Plaintiff's failure to allege an impairment is significant, even if the evidence of the impairment was later developed. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

In this case, Plaintiff complains the ALJ did not find her mental health issues as severe impairments at step two. ECF No. 9, Pg. 7. Plaintiff testified that since her husband passed away, she had symptoms of anxiety and depression, and took the medication Paxil. (Tr. 57). The Plaintiff also testified she had visited Dr. Rebecca Floyd twice for a variety of ailments, and the doctor had prescribed the anti-anxiety medication. (Tr. 53, 57). Otherwise, there is little indication in the medical record Plaintiff was diagnosed with a mental impairment, referred for mental health treatment, or assessed by any care provider with limitations due to mental health issues. Therefore, the ALJ correctly determined Plaintiff's alleged mental health impairments were not severe, and she was not disabled.

When the record does not support a condition to be a severe impairment the ALJ's duty to discuss the condition is minimized. *See Salts v. Sullivan*, 958 F.2d 840, 844 (8th Cir. 1992). The discussion of Plaintiff's non-severe impairments along with the ALJ's language indicating he fully considered all impairments, including those that were not severe, showed the ALJ considered the

combined effect of Plaintiff's impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

### **D. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work limited to frequent bilateral handling and fingering, and jobs that do not require complex written communication. (Tr. 20, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 9, Pgs 8-12. However, substantial evidence supports the ALJ's RFC determination.

On June 18, 2003, Plaintiff underwent a right L5-S1 discectomy. (Tr. 216). In a follow up

examination, Dr. Arthur Johnson indicated the MRI examination showed an instability at the point of the discectomy, and he scheduled fusion surgery. (Tr. 211). However, there is no indication Plaintiff had the fusion surgery at that time. Plaintiff did return to work full-time following this until mid-2008. (Tr. 146-154).

On May 14, 2004, Plaintiff was seen by Dr. James Blankenship complaining of low back pain due too lifting heavy objects while at work. (Tr. 196). Dr. Blankenship diagnosed Plaintiff with recurrent disk herniation at L5-S1, and performed a lumbar interbody fusion at L5-S1. (Tr. 199-201). Following the fusion surgery, Plaintiff was able to return to her full-time work, as was discussed above.

Following this, the record does not indicate Plaintiff sought treatment for back pain until August 4, 2014, when she underwent an MRI examination. (Tr. 253-254). The MRI showed evidence of Plaintiff's prior surgical procedures at L5-S1, a mild ligamentum at L4-5, and a very slight disc protrusion at L3-4. (Tr. 253).

As for complaints of carpel tunnel syndrome, Plaintiff underwent a nerve conduction study by Dr. Jon Gustafson on August 25, 2014. (Tr. 247). Dr. Gustafson indicated Plaintiff had positive Tinel's and compression tests bilaterally, and recommended Plaintiff undergo bilateral cubital tunnel release with tendon lengthening and carpal tunnel release. (Tr. 256). Other than Plaintiff's complaints of periodic bilateral hand numbness, Dr. Gustafson did not indicate any limitations or restrictions in her use of her hands or upper extremities. (Tr. 256-257). There is no indication in the record Plaintiff underwent the surgery.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).

Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **9th day of June 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE